**In re Danna Homes, Inc.**

*John B. Trevaskis, Jr.,* for appellant.

*Gerald C. Grimaud,* Deputy Attorney General, contra.

## ADJUDICATION

MALIN, Chairman, May 31, 1972.—This is an appeal from an order of the Department of Environmental Resources dated December 20, 1971, denying permission to appellant to connect a proposed apartment project to the sanitary sewer system in Morton Borough. A hearing in the matter was held before M. Melvin Shralow, Esq., Hearing Examiner, on February 22, 1972. During the hearing, the parties were given leave to supplement the record by submitting materials after the hearing, but no such materials were submitted. The parties waived filing of briefs.

### FINDINGS OF FACT

1. Appellant is the owner of a tract containing approximately 1.43 acres in Morton Borough, Delaware County, having acquired the same on December 8, 1970.

2. The sanitary sewer system in Morton Borough feeds into the Central Delaware County Authority (authority) sewage treatment plant.

3. That plant operates under Sewerage Permit No. 7317 issued by the Sanitary Water Board in February, 1950 and discharges its effluent to the Delaware River.

4. The design capacity of the plant is seven million gallons per day (mgd) average daily flow, peak flow 12.5 mgd. The treatment required is removal of 35 percent of the biological oxygen demand (BOD) and of practically all settleable solids. The plant is designed to serve a population of approximately 65,000 people.

5. From data supplied by the authority and tests made by the Pennsylvania Department of Environmental Resources (department), it has been found that the plant is serving approximately 84,000 people, has an average daily flow of 9.1 mgd, and a peak load

of 14 to 17 mgd. BOD removal is below 35 percent and removal of settleable solids is down to approximately 47 percent.

6. The department issued orders on or about June 25, 1971, to the authority and to each of the municipalities connected to the system prohibiting additional connections to the system which would add to the load on the treatment plant.

7. On January 11, 1971, appellant applied to the Zoning Hearing Board of Morton Borough for a variance to permit the construction of 55 apartments on the site.

8. The Morton Borough Zoning Board hearing was held on February 24, 1971.

9. In March, 1971, the Pennsylvania Department of Labor and Industry approved appellant's plans.

10. In April, 1971, appellant applied for a building permit from Morton Borough. In making said application, appellant relied upon the fact that more than 45 days had passed from the date of its hearing before the zoning hearing board without action of the board. Appellant argued this constituted approval of its zoning application under section 908 of the Pennsylvania Municipalities Planning Code of July 31, 1968, 53 PS §10908(9). The borough refused to issue a building permit on this basis, and appellant initiated an action in mandamus in the Court of Common Pleas of Delaware County to compel the issuance of the building permit. That action is still pending.*

11. In May, 1971, appellant demolished the single-family dwelling that had existed on the tract at the time it was purchased.

---

*All findings concerning judicial proceedings are based upon representations by counsel for appellant which were not contradicted by counsel for the department.

12. At the same time that appellant was attempting to force issuance of a building permit based upon the inaction of the zoning hearing board, it was also attempting to achieve approval of a zoning variance by the hearing board. Between the date of the zoning hearing and the beginning of June 1971, appellant worked on revisions to its plans to meet objections of the zoning hearing board.

13. On June 8, 1971, the solicitor for the zoning hearing board wrote to appellant's counsel and indicated that the hearing board would approve a variance upon conditions set forth in that letter. One condition was reducing the number of units from 55 apartments to 44.

14. In June, 1971, the Pennsylvania Department of Labor and Industry approved revised plans for 44 units and on June 22, 1971, the borough engineers indicated that the sanitary sewer line which would serve the apartment complex was sufficient for that purpose.

15. On July 1, 1971, the zoning hearing board issued its written decision granting a variance to appellant. That decision was appealed to the Court of Common Pleas of Delaware County by neighboring residents, and the court reversed the zoning board. That decision has been appealed by appellant to the Commonwealth Court, where the matter is now pending.

## DISCUSSION

This case is one of many arising from the ban on additional sewer connections issued by the department because of overloading of the Central Delaware County Authority sewage treatment plant. That ban was issued pursuant to the Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq.,

and Department Regulation §91.33(b) and its predecessor, article 400, §6(c).

Appellant urges that it should come within certain exceptions to the ban which have been established by the policies and procedures of the department.

The orders establishing the ban state that they do not apply to new construction for which a building permit was issued prior to the effective date of the ban. Appellant does not fall within that exception. The department also has stated that it will approve applications for exceptions where a building permit would have been issued prior to the date of the ban except for an undue delay caused by governmental agencies. Appellant urges that it should fall within this exception.

This case really involves two situations, each of which leads to a different conclusion. Appellant admits that the delay between the zoning board hearing of February 24, 1971, and the written decision issued by the board on July 1, 1971, was created by the need for negotiation and revision of plans. Appellant's president stated that there was no neligence, in his opinion, on the part of governmental agencies which resulted in the passage of that time interval. Therefore, with respect to the plans for a 44-unit development, we have a case where a building permit was not issued by the date of the ban and no exception applies. Indeed, a building permit has not yet issued for those plans, since the permit depends upon zoning approval, and the zoning approval is not yet fixed.

On the other hand, with respect to the application for development of 55 units, appellant's position is that zoning approval occurred on or about April 12, 1971, by operation of law. If appellant is correct, the building permit should have issued shortly thereafter, which would have been well before the issuance of the

sewer ban. The delay from that time to the present has been caused by the refusal of Morton Borough to agree with appellant's position and to issue the permit. Accordingly, that delay is one which has been caused by a governmental agency and would entitle appellant to an exception to the sewer ban if that delay was improperly imposed.

Since the issue of whether appellant received zoning approval as a matter of law and, therefore, should have received a building permit before the ban has been raised by appellant's action in mandamus, this board should not pass upon that question of law. Rather, a decision in this appeal should be predicated upon the decision of the Court of Common Pleas of Delaware County in the mandamus action.

## CONCLUSIONS OF LAW

1. Since a building permit was not issued to appellant prior to the effective date of the ban on additional connections to the Morton Borough sewer system and the Central Delaware County Authority sewage treatment plant, the Department of Environmental Resources properly denied appellant's request for permission to connect to that system.

2. If appellant was entitled to a zoning variance as a matter of law in April of 1971 and should have been granted a building permit at that time, appellant would now be entitled to an exception to the sewer ban on the grounds that its failure to obtain a building permit prior to the effective date of the ban was caused by undue delay on the part of a governmental agency.

3. The order of December 20, 1971, should be modified to grant an exception to appellant in the event that the mandamus action which appellant has initiated in the Court of Common Pleas of Delaware

County to compel issuance of a building permit is successful.

### ORDER

The order of the Department of Environmental Resources of December 20, 1971, which refuses appellant's request for an exception to the ban on additional connections to the Morton Borough sewer system is hereby modified to provide that an exception will be granted to appellant in the event that appellant presents to the Department of Environmental Resources a certified copy of a decree of the Court of Common Pleas of Delaware County directing Morton Borough to issue a building permit to appellant on the grounds that the granting of a zoning variance occurred as a matter of law in April 1971, and a building permit should have issued shortly thereafter, and, as so modified, the order of December 20, 1971, is affirmed.